**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10781

Non-Argument Calendar

_____

EMANUEL ANGELO TUGGERSON,

*Plaintiff-Appellant,*

*versus*

CIRCUIT JUDGE ANTHONY MICHAEL TATTI,

individual and official capacity,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:24-cv-00593-SPC-PRL

_____

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Emanuel Tuggerson, proceeding *pro se,* appeals the district court's dismissal with prejudice of his amended complaint asserting

a single claim under 42 U.S.C. § 1983, seeking money damages and an injunction dismissing his conviction and sentence.  Tuggerson asserts Judge Anthony Tatti is not entitled to judicial immunity because Judge Tatti's decision to separate his trial from his codefendant's trial was not a judicial act, that decision was plainly erroneous, and Judge Tatti lacked jurisdiction to separate Tuggerson's trial.  After review, we affirm.

District courts may dismiss claims barred by judicial immunity.  *See Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (affirming a district court's dismissal of claims barred by judicial immunity). Judges are entitled to absolute immunity from damages for actions they take in their judicial capacity unless they act in "clear absence of all jurisdiction."  *Id.* at 1239 (quotation marks omitted).  Under the Federal Courts Improvement Act, state judges enjoy immunity from injunctive relief in § 1983 claims unless "a declaratory decree was violated or declaratory relief was unavailable."  *Id.* at 1242 (quoting Pub. L. No. 104-317, § 309(c), 110 Stat. 3847 (1996)). Judges retain judicial immunity even for erroneous decisions and malicious actions.  *Id.* at 1239.  An action is judicial if its "nature and function" are judicial.  *McCollough v. Finley*, 907 F.3d 1324, 1330-31 (11th Cir. 2018).

The district court did not err in dismissing Tuggerson's claim with prejudice because Tuggerson's § 1983 claim was barred by judicial immunity.  *See Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017) (reviewing a grant of judicial immunity *de novo*, ac-

cepting all facts in the complaint as true for purposes of determining whether a defendant is entitled to judicial immunity).  The "nature and function" of the actions that Tuggerson is suing Judge Tatti for are judicial.  *See McCollough*, 907 F.3d at 1330-31; *see also Bolin*, 225 F.3d at 1242.  Furthermore, allowing Tuggerson to amend his complaint would be futile because judicial immunity would bar Tuggerson's claim.  *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (explaining district courts can dismiss a *pro se* complaint with prejudice if amending the complaint would be futile, and amending a complaint would be futile when the pro se party could not state a viable claim even if the court gave him leave to amend his complaint).  Accordingly, we affirm.

**AFFIRMED.**